UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SERO DUVALL ASKEW, | ) | 5:06 CV 2484 |
| | ) | |
| Petitioner, | ) | JUDGE GAUGHAN |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| MICHELLE EBERLIN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Sero Duvall Askew ("Askew") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2004 felony convictions for trafficking in cocaine and possession of cocaine, in the Stark County, Ohio, Court of Common Pleas. (Doc. 1.)  The named respondent is Michelle Eberlin ("Eberlin"), Warden of Belmont Correctional Institution.  The petition is based on two grounds, specifically:

> 1. Because confiscated cell phone became a confidential informant, Fourth Amendment required warrant issue before intrusion occurred at Mr. Askew's residence, above and beyond questionably gained consent from Ms. Tomeca Neal.
>
> 2. Mr. Askew's current confinement is unconstitutional because he executes an invalid prison term, as enjoined by United States Supreme Court.

(Doc. 1, at 7, 9.)

Respondent argues that petitioner's first ground is not subject to review in a federal habeas action. (Doc. 8.)  Respondent also argues that petitioner's first and second grounds are procedurally defaulted. <u>Id.</u>

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

On April 26, 2004, the Stark County Grand Jury indicted appellant on two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(f); one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(g), with a major drug offender specification; two counts of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(f), with a major drug offender specification.  Appellant entered a plea of not guilty to the indictment at his arraignment on April 30, 2004.  During pre-trial proceedings, appellant filed a motion to suppress evidence and motion to suppress statements.  The trial court conducted a hearing on the motions on June 4, 2004, and June 11, 2004.

Special agent Harry Tideswell of the U.S. Department of Justice Drug Enforcement Agency ("DEA") testified the DEA had received information appellant was a large-scale drug distributor and was residing in North Canton, Ohio.  The DEA also had information the Las Vegas, Nevada DEA had seized $70,000 from appellant, which he had accumulated through illegal activities, in January, 2004.  Based upon this information, local law enforcement agencies, the DEA, and the FBI began investigating appellant in March, 2004.  The DEA further knew appellant was driving a rental vehicle with out of state license plates as well as a burgundy suburban with Minnesota license plates.

On March 9, 2004, Agent Tideswell learned a confidential informant had set up a drug transaction with appellant during which appellant would supply the confidential informant with 4 ½ oz. of crack cocaine.  Law enforcement officials were provided with information relative to the location of the transaction, the route appellant would travel, and the type of vehicle appellant would be driving.  Agent Tideswell and other officers set up surveillance in the area and planned a traffic stop of appellant.

Darrell Pierson of the Canton Police Department was on routine patrol in a marked police cruiser when undercover agents advised him they needed a marked car in the area of the 1300 block of East Tuscarawas Street in the City of Canton.  The undercover agent instructed Pierson to be on the lookout for a maroon, 4-door vehicle with Nevada license plates.  Shortly thereafter, Pierson observed the vehicle and proceeded to follow it.  The officer paced the vehicle and estimated its speed at 52 mph in the 35 mph zone.  Pierson contacted the agents and effectuated a traffic stop.

Upon approaching the vehicle, Officer Pierson asked appellant for his driver's license and registration.  Appellant began moving around inside the vehicle in an attempt to reach something, which later turned out to be his cell phone.  For

officer safety, Officer Pierson instructed appellant to exit the vehicle.  Appellant refused to comply.  Det. Bryan Allen with the FBI taskforce arrived as backup and the two officers physically removed appellant from the vehicle.  Appellant became combative and the officers took him to the ground.  Officer Pierson handcuffed appellant and conducted a pat-down search.  During the pat-down search, the officer felt a large lump in the appellant's right pocket, which was subsequently determined to be 4 ½ oz. crack cocaine.

Appellant was transported to the Stark County FBI office, where he was advised of his Miranda rights.  Other than providing officers with "pedigree information," i.e. name, date of birth, prior arrests, appellant refused to talk to the agents.  As a result of his refusal to cooperate with the agents, appellant was taken to the Stark County Jail.

Later that evening, agents proceeded to a residence located at 1207 Strawberry Court in North Canton, Ohio.  Tomeca Neal, appellant's girlfriend, leased the residence, which she shared with appellant and their daughter.  The agents observed a burgundy suburban with Minnesota license plates parked in the driveway.  Appellant had previously told the agents he no longer had the vehicle.

Agent Tideswell and two other officers knocked on the door of the residence.  Agent Tideswell explained to Neal he and the other two agents wanted to search the residence.  Neal allowed the agents to enter the residence and inquired as to the perimeters of the search.  The agents informed her they were looking for drugs, weapons, and large sums of money which they believed belonged to appellant.

Agent Tideswell entered the kitchen, sat down, and began to fill out the consent to search forms.  While in the kitchen, he noticed a digital scale and a large amount of cash in plain view.  Neal subsequently signed the consent forms which permitted the agents to search the residence as well as the suburban parked in the driveway.  Neal advised Agent Tideswell the digital scale and the cash belonged to appellant.  During the search, the agents discovered a large amount of powder and crack cocaine.

The following day, March 10, 2004, Agents Tideswell, James Monigold of Stark County Metro Narcotics Unit, and Mark McMurty of the FBI spoke with appellant at the Stark County Jail.  They informed appellant that they had searched appellant's residence and found a large amount of cocaine and money.  Appellant signed a waiver of rights form and agreed to give a statement.

Based upon the evidence presented at the suppression hearings, the trial court found appellant's waiver of his rights was knowingly, voluntarily, and thoughtfully given, and the agents did not unlawfully obtain the waiver from him.  The trial court memorialized its decision via Judgment Entry filed June 28, 2004.

> Thereafter, on August 4, 2004, appellant appeared before the trial court and entered a plea of no contest to the indictment. The trial court found appellant guilty of all the charges contained in the indictment and proceeded to sentencing. The trial court imposed an aggregate term of imprisonment of fifteen years, suspended appellant's driver's license for five years, and fined him $10,000.

(Doc. 8, Respondent's Exhibit (RX) 10, at 2-5; State v. Askew, No. 2004CA00275, 2005 Ohio 3194, 2005 Ohio App. LEXIS 2977 (Ohio Ct. App. Jun. 20, 2005)).

Askew, represented by different counsel than in the trial court, filed a timely appeal to the Fifth District Court of Appeals, Stark County, Ohio. (Doc. 8, RX 6.)  Askew raised the following assignments of error:

> 1. The trial court erred when it failed to suppress the evidence found in a search of the appellant Mr. Sero Askew's home which was the product of an illegal search of telephone numbers contained in his cell phones [sic] memory as the search was a violation of Mr. Askew's right to privacy guaranteed under the Fourth Amendment to the United States Constitution and Article I Section 14 of the Ohio State Constitution.
>
> 2. The trial court erred when it failed to suppress the evidence found in a search of the appellant Mr. Sero Askew as the search was the product of an illegal stop of his vehicle which was not a traffic stop, but rather a warrantless arrest for which probable cause was lacking a violation of Mr. Askew's right to privacy guaranteed under the Fourth Amendment to the United States Constitution and Article I Section 14 of the Ohio State Constitution.
>
> 3. The trial court erred when it failed to suppress the evidence found in a search of the appellant Mr. Askew as the search was the product of him being removed from his vehicle by force, which was a warrantless arrest for which probable cause was lacking a violation of Mr. Askew's right to privacy guaranteed under the Fourth Amendment to the United States Constitution and Article I Section 14 of the Ohio State Constitution.
>
> 4. The trial court erred when it failed to suppress the evidence found in a search of the appellant Mr. Sero Askew's home as the search was conducted without a warrant and no voluntary consent for the search was given, which is a violation of Mr. Askew's right to privacy guaranteed under the Fourth Amendment to the United States Constitution and Article I Section 14 of the Ohio State Constitution.

> 5. The trial court erred when it failed to suppress statements made by Mr. Askew as they were not freely and voluntarily given, which is a violation of Mr. Askew's right to silence guaranteed under the Fifth Amendment of the United States Constitution and the Ohio State Constitution.

(Doc. 8, RX 7.)

On June 20, 2005, the appellate court overruled Askew's five assignments of error and affirmed the judgment of the trial court. (Doc. 8, RX 10; Askew, No.2004CA03083363.)  The court found Askew failed to raise his first and third assignment of error in his motion to suppress, and thus waived those issues on appeal. Id. at ¶16, 26.  With respect to Askew's second assignment of error, the court found that Officer Pierson's stop of Askew's vehicle was effectuated due to a speeding violation and therefore, it was constitutionally valid. Id. at ¶23.  With respect to Askew's fourth assignment of error, the court found Askew did not have standing to challenge the search of the Strawberry Court residence. Id. at ¶29.  The court also determined the trial court's finding that Ms. Neal's consent was voluntary was not against the manifest weight of the evidence. Id. at ¶33. Similarly, with respect to Askew's fifth assignment of error, the court determined the trial court's finding that Askew's waiver was voluntary was not against the manifest weight of the evidence. Id. at ¶36-37.

On August 4, 2005, represented by different counsel, Askew filed a timely appeal to the Ohio Supreme Court (Doc. 8, RX 11.)  In his memorandum in support of jurisdiction, Askew set forth two propositions of law:

> 1. Appellant had standing to challenge the search where the evidence was clear that the accused lived at the address and any consent given by the appellant's live-in girlfriend was involuntary where it was obtained after officers had walked through the home.
>
> 2. Issues raised during the oral hearing were not waived because they were not included in a written motion to suppress.

5

(Doc. 8, RX 12.) On October 26, 2005, the Ohio Supreme Court declined jurisdiction to hear the case. (Doc. 8, RX 14; State v. Askew, 106 Ohio St. 3d 1559 (Ohio 2005).)

While Askew's appeal to the Ohio Supreme Court was pending, Askew, represented by his Ohio Supreme Court appellate counsel, filed a motion to reopen his direct appeal based upon ineffective assistance of appellate counsel for failing to raise the issue of trial counsel's ineffective assistance. (Doc. 8, RX 15.) Askew claimed trial counsel was ineffective because he did not raise the issue of the search of Askew's cell phone in his motion to suppress. Id. On November 1, 2005, the court overruled the motion to reopen the appeal and suggested Askew's possible recourse was to file a petition for post-conviction relief demonstrating whether the police obtained information from his cell phone "call history" or from his cell phone "phone book." (Doc. 8, RX 17.) Askew did not appeal the court's decision.

On November 18, 2005, Askew filed an untimely post-conviction petition while still represented by his Ohio Supreme Court appellate counsel. (Doc. 8, RX 18.) Askew claimed he satisfied the R.C. § 2953.23 exception to the timely filing requirement because he was unavoidably prevented from discovering the facts by which to timely present his post-conviction petition due to the ineffectiveness of his prior counsel. Id. at 4. Askew also claimed that but for the fact that trial counsel failed to object and move to suppress the search of Askew's cell phone, the police would not have discovered the contraband for which he was charged, and without this evidence, no reasonable fact-finder could have found him guilty on those charges. Id. On December 8, 2005, the State filed a response and motion for summary judgment arguing that the petition was untimely (Doc. 8, RX 19.) On January 20, 2006, the court granted the State's motion for summary judgment and denied the petition as untimely. (Doc. 8, RX 20.) The court determined that Askew was not

6

"unavoidably" prevented from discovering the alleged ineffectiveness of his trial counsel. Id. at 6. And, "[e]ven if the Court were to find that Askew was 'unavoidably' prevented from discovering the alleged ineffectiveness of his [trial counsel]," Askew failed to show a constitutional error occurred as a result of trial counsel's ineffectiveness. Id.

On February 8, 2006, represented by the same counsel, Askew filed a timely notice of appeal from the denial of his post-conviction petition to the Fifth District Court of Appeals, Stark County, Ohio. (Doc. 8, RX 21.) In his brief, Askew raised the following assignments of error:

1. The trial court erred in granting appellee summary judgment when there were genuinely disputed issues of material fact requiring an evidentiary hearing.

2. The trial court erred when it ruled that the appellant's delayed post-conviction petition did not meet the statutory criteria of R.C. 2953.23.

(Doc. 8, RX 22, at 4.) On August 28, 2006, the appellate court affirmed the judgment of the trial court that Askew's post-conviction petition was untimely and did not satisfy the exception of R.C. § 2953.23. (Doc. 8, RX 24; State v. Askew, No. 2006CA00041, 2006 Ohio 4526, 2006 Ohio App. LEXIS 4454 (Ohio Ct. App. 2006).) Askew did not appeal this decision to the Ohio Supreme Court.

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

7

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Askew has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  FOURTH AMENDMENT CLAIM

The first ground of the petitions is: "Because confiscated cell phone became a confidential informant, Fourth Amendment required warrant issue before intrusion occurred at Mr. Askew's residence, above and beyond questionably gained consent from Ms. Tomeca Neal."  In support of his allegation, Askew states:

> When State, and government, accessed cell phone and found information they felt confident in relying upon for probable cause of more criminal activity, Fourth Amendment required scrutiny of detached neutral magistrate before intrusion occurred. . . . Because this essential step to comporting with Fourth Amendment warrant requirement was ignored, fruits from residence ought to have been suppressed.

(Doc. 1, at 7-8.)

The respondent asserts that Fourth Amendment exclusionary rule claims are not cognizable for federal habeas review "where the [S]tate has provided a full and fair litigation of [the] Fourth Amendment claim." (Doc. 8, at 16-17, citing Stone v. Powell, 428 U.S. 465 (1976).)

The Supreme Court has held that "when a State has given a full and fair chance to litigate a Fourth Amendment claim, federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure." Withrow v. Williams, 507 U.S. 680, 682-83 (1993) (citing Stone, 428 U.S. 465.)  See also Reed v. Farley, 512 U.S. 339, 347 (1994) (quoting Stone, 428 U.S. at 469.)

The Sixth Circuit requires two distinct inquiries in applying Stone v. Powell:

> First, the district court must determine whether the state provides a procedural mechanism which gives Petitioner the opportunity to raise a Fourth Amendment claim.  Second, the district court must determine whether presentation of that claim was in fact frustrated by a failure of the procedural mechanism.  This inquiry is a review of whether the state provided an adequate mechanism to address Petitioner's Fourth Amendment claims, absent proof of "egregious error in the application of

9

...

> Fourth Amendment principles . . ." The inquiry is not meant to be a case by case review of state court determinations.

Abdul-Mateen v. Hofbauer, 215 F.3d 1325, No. 98-2323, 2000 U.S. App. LEXIS 11788, at *10 (6th Cir. 2000), cert. denied, 531 U.S. 933 (2000) (citing Riley v. Gray, 674 F.2d 522, 526 (6th Cir.), cert. denied, 459 U.S. 948 (1982)).

The trial court conducted a hearing on the petitioner's motion to suppress evidence. At the outset of the suppression hearing, the court and counsel discussed the purpose and scope of the hearing. The transcript reflects that the discussion proceeded as follows:

> MR. VANCE: I would just like to ask if we could just quickly clarify the issues for the hearing. I know that there are two motions that the Court read, I just want to make sure that we're talking today about the search of the Strawberry Court residence and the statements that were taken from the Defendant at the interview out at the Stark County Jail.
>
> MR. BEANE: That is correct, Your Honor.

(Doc. 1, Petitioner's Exhibit (PX) 1, at 1.) The State proceeded to present the testimony of Harry R. Tideswell, IV, an agent with the U.S. Department of Justice Drug Enforcement Administration. Mr. Tideswell's testimony focused upon the search of the Strawberry Court residence and the statements Askew made at the Stark County Jail. During Mr. Tideswell's testimony, the following exchange took place:

> THE COURT: Well okay, let's do it this way. Mr. Beane, I believe there was a request at the beginning of this hearing for a clarification of the issues. Are you indicating now the issue does now involve the stop?
>
> MR. BEANE: Everything flows from that, Your Honor.
>
> * * *
>
> THE COURT: All right. Mr. Beane is entitled to cross-examine the officer relative to this stop, and I'm going to permit you to do that. So we need to continue this hearing.

10

Id. at 14-15.

When the court reconvened for the continuation of the suppression hearing, the court noted the following:

> It became evidence that the motion to suppress was broader than the State's Attorney had reasonably anticipated, so therefore that is why this hearing was continued today to address the broader areas including the stop of the Defendant, the traffic stop; and so that is in part why we are here today holding the second part of this hearing.

Id. at 17-18. The State proceeded to present the testimony of Canton City police officer Darrell Pierson. Mr. Pierson's testimony focused upon the traffic stop of Mr. Askew. At the conclusion of the hearing, counsel for Mr. Askew presented closing oral arguments directed toward Mr. Askew's arrest and statements, and the search of the Strawberry Court residence.

The hearing held by the trial court is evidence that Ohio provides a procedural mechanism for addressing the suppression claim. The fact that the trial court held such a hearing, in addition to allowing written argument, is proof that petitioner's presentation of the claim was not frustrated. See Abdul-Mateen, 2000 U.S. App. LEXIS 11788, at *10-11.

In his direct appeal, Askew claimed the trial court erred when it failed to suppress the evidence found in the search of the Strawberry Court residence "which was the product of an illegal search of the telephone numbers contained in his cell phones [sic] memory." (Doc. 8, RX 7, at 2.) The court of appeals noted: "[a]ppellant did not raise this issue in his motion to suppress. . . . Having failed to raise the cell phone issue to the trial court, appellant has waived this issue on appeal." (Doc. 8, RX 10, at ¶16.) The state court cited Criminal Rule 12 and State v. Peagler, 76 Ohio St.3d 496, 501 (1996) in support of its determination that the cell phone issue had been waived. No "egregious error in the application of Fourth Amendment principles" is apparent from the court's decision. Askew contends the cell phone issue was discussed and adjudicated at the suppression hearing.

11

(Doc. 10, at 2.)  However, as shown above, a review of the suppression hearing transcript reflects that testimony and arguments presented at the hearing addressed three specific issues: Askew's traffic stop and arrest, the search of the Strawberry Court residence, and Askew's statements made at the Stark County Jail.  Neither the written motion to suppress nor the suppression hearing addressed the cell phone issue now raised by Askew.

Askew could have argued that his motion to suppress was not fully litigated in the state courts because his trial counsel was ineffective by failing to present the cell phone search issue in his motion to suppress.  However, Askew, who was represented by new counsel on appeal, did not raise this argument in his direct appeal.  Later, represented by different counsel, Askew filed a Rule 26(B) application to reopen his appeal. (Doc. 8, RX 15.)  Askew argued that his appellate counsel was ineffective for failing to raise the issue that trial counsel was ineffective because he did not raise the cell phone search issue in the motion to suppress. Id.  On November 1, 2005, the court overruled the motion to reopen the appeal and Askew did not appeal the decision. (Doc. 8, RX 17.)  On November 18, 2005, Askew filed a post-conviction petition alleging trial counsel was ineffective for failing to challenge the cell phone search in a motion to suppress or motion in limine. (Doc. 8, RX 18.)  The trial court denied the petition as untimely. (Doc. 8, RX 20.)  Askew appealed the denial of his post-conviction petition and on August 28, 2006, the appellate court affirmed the judgment of the trial court. (Doc. 8, RX 24.)  Askew did not appeal this decision.  Thus, any failure of the state courts to fully and fairly litigate the cell phone search claim was not a failure of the State's procedural mechanism, but was a result of Askew's own failures.  Askew failed to properly present the claim on direct review, pursue further appeal of his Rule 26(B) application, or file a timely post-conviction petition or pursue further appeal of the petition.

Because the State provided Askew a full and fair chance to litigate his Fourth Amendment claim, habeas relief is not available on his exclusionary claim. Withrow, 507 U.S. at 682-83; Stone, 428 U.S. at 494.

## IV.  SIXTH AMENDMENT CLAIM

The respondent asserts that Askew has procedurally defaulted his second claim because this claim was not presented to any state court. The second ground of the petitions is: "Mr. Askew's current confinement is unconstitutional, because he executes an invalid prison term, as enjoined by the United States Supreme Court."  In support of his allegation, Askew states:

> In State v. Foster (Feb. 27, 2006), 109 Ohio St.3d 1, 2006-Ohio-856, state supreme court found Ohio's sentencing structure, as it existed on February 10, 2006, unconstitutional. Specifically, court held that felony-sentencing structure violated Sixth Amendment in manner set forth in Apprendi v. New Jersey (2000), 530 U.S. 466 and Blakely v. Washington (2004), 542 U.S. 296, because certain provisions required judicial fact-finding to impose a sentence, from applicable range, simply based on conviction or plea alone. . . . Major drug offender specification and above-minimum term impositions for first-time prison incarcerants, in Ohio, violate these principles.

(Doc. 1, at 10-11.)  Askew's second claim was not presented on direct appeal, in his motion to reopen his direct appeal, or in his post-conviction petition. See doc. 8, RX 15, 17.

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot

13

circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Where a state court has failed to address a prisoner's federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts. Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs, 265 F.3d at 415. The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts. This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

14

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)).  See also  Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005).  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

To the extent Askew's habeas corpus petition presents a Blakely claim, it is procedurally barred because Askew did not fairly present this federal claim to the state courts.  Blakely v. Washington, 542 U.S. 296 (2004) was issued on June 24, 2004, many months prior to Askew's February 11, 2005 direct appeal. (Doc. 8, RX 7.)  Askew argues that Ohio did not recognize "Blakely's effect on its sentencing scheme until February 27, 2006." (Doc. 10, at 3.)  That is the date on which the Supreme Court of Ohio announced its decision in State v. Foster, 109 Ohio St.3d 1 (2006), cert. denied, 127 S.Ct. 442 (2006).  However, the Sixth Amendment sentencing issue arose several years earlier, in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Indeed, the Supreme Court in Blakely stated that: "This case requires us to apply the rule we expressed in Apprendi." Blakely, 542 U.S. at 301.[1]

Because Askew did not fairly present his Sixth Amendment claim to the state courts, he is procedurally barred from seeking federal habeas relief on this claim.  To the extent Askew's habeas corpus petition presents a challenge to the trial court's interpretation and application of Ohio's sentencing laws, it is not cognizable in a federal habeas corpus action.  Howard v. White, 76 Fed. Appx. 52, at *5-6 (6th Cir. 2003); Kipen v. Renico, 65 Fed. Appx. 958 (6th Cir. 2003).  Federal

---

[1]Likewise, State v. Foster was based on both Apprendi and Blakely.  See Foster, 109 Ohio St.3d 1 (syllabus, ¶ 3).

habeas relief is not available for a claimed error of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Howard, 76 Fed. Appx. 52, at *6.

### V. SUMMARY

Askew's petition for a writ of habeas corpus should be dismissed because habeas relief is not available for his first claim and his second claim was procedurally defaulted.

### RECOMMENDATION

It is recommended that the petition be dismissed.

Dated: December 14, 2007                  /s/ Kenneth S. McHargh
                                                           Kenneth S. McHargh
                                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).