**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Sero Duvall Askew,** ) | **CASE NO. 5:06 CV 2484** |
| ) | |
| Petitioner, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| **Michelle Eberlin, Warden,** ) | **Memorandum of Opinion and Order** |
| ) | |
| Respondent. ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge McHargh (Doc. 12) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Sero Duvall Askew, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

The following facts were found by the state appellate court:

On April 26, 2004, the Stark County Grand Jury indicted appellant on two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(f); one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(g), with a major drug offender specification; two counts of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(e); and one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(f), with a major drug offender specification. Appellant entered a plea of not guilty to the indictment at his arraignment on April 30, 2004. During pre-trial proceedings, appellant filed a motion to suppress evidence and motion to suppress statements. The trial court conducted a hearing on the motions on June 4, 2004, and June, 11, 2004.

Special Agent Harry Tideswell of the U.S. Department of Justice Drug Enforcement Agency ('DEA') testified the DEA had received information appellant was a large-scale drug distributor and was residing in North Canton, Ohio. The DEA also had information the Las Vegas, Nevada DEA had seized $70,000 from appellant, which he had accumulated through illegal activities, in January, 2004. Based upon this information, local law enforcement agencies, the DEA, and the FBI began investigating appellant in March, 2004. The DEA further knew appellant was driving a rental vehicle with out of state license plates as well as a burgundy suburban with Minnesota license plates.

On March 9, 2004, Agent Tideswell learned a confidential informant had set up a drug transaction with appellant during which appellant would supply the confidential informant with 4 1/2 oz. of crack cocaine. Law enforcement officials were provided with information relative to the location of the transaction, the route appellant would travel, and the type of vehicle appellant would be driving. Agent Tideswell and other officers set up surveillance in the area and planned a traffic stop of appellant.

Darrell Pierson of the Canton Police Department was on routine patrol in a marked police cruiser when undercover agents advised him they needed a marked car in the area of the 1300 block of East Tuscarawas Street in the City of Canton. The undercover agent

instructed Pierson to be on the lookout for a maroon, 4-door vehicle with Nevada license plates. Shortly thereafter, Pierson observed the vehicle and proceeded to follow it. The officer paced the vehicle and estimated its speed at 52 mph in a 35 mph zone. Pierson contacted the agents and effectuated a traffic stop.

Upon approaching the vehicle, Officer Pierson asked appellant for his driver's license and registration. Appellant began moving around inside the vehicle in an attempt to reach something, which later turned out to be his cell phone. For officer safety, Officer Pierson instructed appellant to exit the vehicle. Appellant refused to comply. Det. Bryan Allen with the FBI taskforce arrived as backup and the two officers physically removed appellant from the vehicle. Appellant became combative and the officers took him to the ground. Officer Pierson handcuffed appellant and conducted a pat-down search. During the pat-down search, the officer felt a large lump in appellant's right front pocket, which was subsequently determined to be 4 1/2 oz of crack cocaine.

Appellant was transported to the Stark County FBI office, where he was advised of his Miranda rights. Other than providing officers with 'pedigree information,' i.e., name, date of birth, prior arrests, appellant refused to talk to the agents. As a result of his refusal to cooperate with the agents, appellant was taken to the Stark County Jail.

Later that evening, agents proceeded to a residence located at 1207 Strawberry Court in North Canton, Ohio. Tomeca Neal, appellant's girlfriend, leased the residence, which she shared with appellant and their daughter. The agents observed a burgundy suburban with Minnesota license plates parked in the driveway. Appellant had previously told the agents he no longer had the vehicle.

Agent Tideswell and two other officers knocked on the door of the residence. Agent Tideswell explained to Neal he and the other two agents wanted to search the residence. Neal allowed the agents to enter the residence and inquired as to the perimeters of the search. The agents informed her they were looking for drugs, weapons, and large sums of money which they believed belonged to appellant.

Agent Tideswell entered the kitchen, sat down and began to fill out the consent to search forms. While in the kitchen, he noticed a digital scale and a large amount of cash in plain view. Neal subsequently signed the consent forms which permitted the agents to search the residence as well as the suburban parked in the driveway. Neal advised Agent Tideswell the digital scale and the cash belonged to appellant. During the search, the agents discovered a large amount of powder and crack cocaine.

The following day, March 10, 2004, Agents Tideswell, James Monigold of the Stark County Metro Narcotics Unit, and Mark McMurty of the FBI spoke with appellant at the

3

>Stark County Jail. They informed appellant they had searched appellant's residence and found a large amount of cocaine and money. Appellant signed a waiver of rights form and agreed to give a statement.
>
>Based upon the evidence presented at the suppression hearings, the trial court found appellant's waiver of his rights was knowingly, voluntarily and thoughtfully given, and the agents did not unlawfully obtain the waiver from him. The trial court memorialized its decision via Judgment Entry filed June 28, 2004.
>
>Thereafter, on August 4, 2004, appellant appeared before the trial court and entered a plea of no contest to the indictment. The trial court found appellant guilty of all the charges contained in the indictment and proceeded to sentencing. The trial court imposed an aggregate term of imprisonment of fifteen years, suspended appellant's driver's license for five years, and fined him $10,000.

*State v. Askew,* 2005 WL 1491503 (Ohio App. 5th Dist. June 20, 2005).

>Petitioner asserts two grounds for habeas relief:
>
>(1) Because confiscated cell phone became a confidential informant, Fourth Amendment required warrant issue before intrusion occurred at Mr. Askew's residence, above and beyond questionably gained consent from Ms. Tomeca Neal.
>
>(2) Mr. Askew's current confinement is unconstitutional, because he executes an invalid prison term, as enjoined by the United States Supreme Court.

The Magistrate Judge found that the first ground was not subject to review in a federal habeas action because the State provided petitioner with a full and fair chance to litigate his Fourth Amendment claim.  This Court agrees.

A habeas petitioner may not seek habeas relief on a Fourth Amendment claim "if he had a full and fair opportunity to raise the claim in state court and presentation of the claim was not thwarted by any failure of the state's corrective processes. *Machacek v. Hofbauer,* 213 F.3d 947 (6th Cir. 2000) (citing *Stone v. Powell*, 428 U.S. 465, 494-95 (1976) ).  Accordingly, the Sixth Circuit requires that a court first determine whether the state provides a procedural mechanism giving the opportunity to raise a Fourth Amendment claim and, second, whether presentation of

4

the claim was in fact frustrated because of a failure of that mechanism.  *Id.*  It has previously been determined that Ohio provides an adequate state mechanism to raise a Fourth Amendment claim by its rules governing the filing of a pretrial motion to suppress, and then providing the opportunity of a direct appeal of the ruling on the motion to suppress.  *Riley v. Gray,* 674 F.2d 522 (6th Cir. 1982).

The trial court conducted a suppression hearing, and the Magistrate Judge determined that petitioner's presentation of the claim was not frustrated as evidenced by the hearing and the additional opportunity to present written argument.  Petitioner argued on direct appeal that the trial court erred when it failed to suppress evidence found in the search of the residence which was the product of an illegal search of the cell phone.  The appellate court noted, however, that petitioner did not raise this issue in the motion to suppress and, therefore, it was waived.  The Magistrate Judge also reviewed the written motion to suppress and the suppression hearing transcript and determined that the cell phone issue was not addressed.  Petitioner filed an application to reopen his appeal, arguing that appellate counsel was ineffective for failing to assert that trial counsel was ineffective by not raising the cell phone issue.  The court of appeals denied the application and petitioner did not appeal the decision.  Petitioner subsequently filed a post-conviction petition asserting trial counsel's ineffectiveness, but the trial court denied the petition as untimely.  While petitioner appealed the decision to the appellate court which affirmed, petitioner did not appeal to the Ohio Supreme Court.  As such, the Magistrate Judge found that any failure of the state courts to fully and fairly litigate the cell phone search claim was not a failure of the state's procedural mechanism, but was a result of petitioner's own failures.

Petitioner objects[1] on the ground that he was not provided a full and fair opportunity to raise the Fourth Amendment claim due to ineffective assistance of counsel in the state proceedings, including the failure of counsel to complete the state appeals.  Even if this were considered a basis to find that presentation of the claim was frustrated because of a failure of the state court procedural mechanism, petitioner did not raise this argument to the Magistrate Judge.  Petitioner's failure to raise this argument before the Magistrate Judge constitutes waiver.  *See Murr v. U.S.*, 200 F.3d 895 (6th Cir. 2000) (citations omitted) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") and *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998) ("Issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")

For these reasons, habeas relief is not available with regard to the first ground.

The Magistrate Judge found that the second ground was not fairly presented to the state courts and, therefore, petitioner is procedurally barred from seeking federal habeas relief on this claim.  This Court agrees as petitioner did not present this claim on direct appeal, in his request to reopen the appeal, or in the post-conviction petition.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**Conclusion**

---

[1] Although the Petition and Traverse were filed in a *pro se* capacity, an attorney has filed Objections on petitioner's behalf.

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed.  Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

Furthermore, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong."  *Id.* at 484.  In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of

7

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated herein and in the Report and Recommendation, the Court does not find that petitioner has satisfied this showing.  Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan
                                PATRICIA A. GAUGHAN
                                United States District Judge

Dated: 2/13/08